IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHAMPION GLASS, LLC<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:20-cv-00484 |
| | § | |
| AMCO INSURANCE COMPANY<br>AND JOHNNY F. SOTO III<br>    *Defendants.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant AMCO Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Champion Glass, LLC v. AMCO Insurance Company and Johnny F. Soto III*; Cause No. 2019CI25107; In the 150th Judicial District Court of Bexar County, Texas.

## I.
## BACKGROUND

1. On December 10, 2019, Plaintiff Champion Glass, LLC (hereinafter "Plaintiff") and Defendant Amco Insurance Company ("AMCO") filed a Joint Petition for the Court to Appoint an Appraisal Umpire in the matter styled Cause No. 2019CI25107; In the 150th Judicial District Court of Bexar County, Texas (the "State Court Action"). The Joint Petition contained no causes of action and requested the Court appoint an Appraisal Umpire pursuant to the provisions of the relevant insurance policy. The Court then selected an Umpire, and the Umpire and Appraiser selected by Champion Glass signed an Appraisal Award on or about March 2, 2020. Plaintiff then filed an Amended Petition on April 9, 2020 seeking to enforce the appraisal award, adding adjuster Johnny F. Soto, III ("Soto") as a defendant and seeking damages against

both Soto and Amco.[1] The Joint Petition, Order Appointing Appraisal Umpire and the Appraisal Award are attached to Plaintiff's First Amended Petition as Exhibits A, B and C.

2. Mr. Soto has not yet been served with the lawsuit.

3. Defendant Amco filed its Original Answer on April 17, 2020, asserting a general denial to the claims and allegations made in Plaintiff's First Amended Petition.[2]

4. Pursuant to 28 USC § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in Exhibit A.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 150th Judicial District Court of Bexar County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within 30 days of service on Defendant Amco of Plaintiff's First Amended Petition and less than one year after the commencement of this action. The State Court Action was not subject to removal before Plaintiff filed the First Amended Petition because Plaintiff did not seek any damages against Amco until Plaintiff filed the First Amended Petition.

7. Obtaining consent from improperly joined parties for the removal of a case to federal court is not necessary.[3]

## II.
## JURISDICTION

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

---

[1] *See* Plaintiff's First Amended Petition and Request to Enforce Appraisal Award, attached as Exhibit A.
[2] *See* Defendant's Original Answer, attached as Exhibit B.
[3] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

9.     Plaintiff is domiciled in Bexar County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

10.    Defendant AMCO Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Iowa.

11.    Defendant Johnny F. Soto, III is a resident of Texas. However, Soto has not been served. "A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, No. 18-31184, 2020 U.S. App. LEXIS 10849, at *10 (5th Cir. 2020). As such, this matter may be removed—despite Soto's citizenship—because it is otherwise removal and Soto has not yet been "properly joined and served."  Further, Soto's citizenship should be disregarded because he has been improperly joined to this action.

12.    Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

### i.     *Improper Joinder of Defendant Johnny F. Soto, III*

13.    A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that it improperly alleges is non-diverse, or (2) the plaintiff has

---

[4]     *See* Plaintiff's First Amended Petition ¶ 2.

3

not stated a claim against a defendant that it properly alleges is non-diverse.[5] Because Soto is non-diverse, only the latter option is implicated in this case.

14. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[6] A non-diverse defendant is improperly joined if there is merely a theoretical possibility of recovery.[7]

15. Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of plaintiff's petition "contain[s] sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claims.[10] The facts supporting removal must be judged at the time of removal.[11] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[12] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13]

---

[5] *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
[6] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).
[7] *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).
[8] *Kling Realty Co.*, 575 F.3d at 513.
[9] *Trang v. Bean*, 600 Fed. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).
[10] *Int'l Energy Ventures*, 818 F.3d at 200-08.
[11] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[13] *Twombly*, 550 U.S. at 570.

16. In this case, Plaintiff has asserted the following causes of action against Soto: Breach of Contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing. However, Plaintiff's First Amended Petition fails to plead any factual allegations against Soto to support any of the causes of actions brought against him and Plaintiff cannot recover on some of the claims as a matter of law. For instance, Plaintiff cannot succeed on his breach of contract claim against Soto because Soto was not a party to the insurance contract under which Plaintiff sues.[14] Plaintiff also cannot recover on his claim of violation of the breach of the duty of good faith and fair dealing since the duty of good faith and fair dealing is a non-delegable duty owed by insurance companies to their insured.[15] In regards to Plaintiff's claim of violation of Chapter 542 of the Texas Insurance Code, Plaintiff would not be able to recover on such a claim as Chapter 542 only applies to insurers and does not apply to adjusters.[16]

17. There is also no reasonable basis for the court to predict that Plaintiff might be able to recover on his allegations of violations of Chapter 541 and the DTPA against Soto because Plaintiff lumps the allegations on which these claims are based together with his allegations against AMCO.

---

[14] *Avila v. Metro. Lloyds Ins. Co.*, 2017 U.S. Dist. LEXIS 50361, at *19 (N.D. Tex. 2017) ("It is well settled under Texas law that an insurance [adjuster] cannot be held liable for breach of contract or breach of duty of good faith and fair dealing absent a contract giving rise to a 'special relationship' with the insured." As can be plainly seen from the Policy issued by Amco, Soto is not a party to the Policy. *See* Policy Declarations attached hereto as Exhibit C.

[15] *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994) ("[Plaintiff] asks this Court to extend the common-law duty of good faith and fair dealing…to bind entities and individuals in the insurance industry that are not in contractual privity with the claimant. Because the existence of a contract, vesting the insurer with "exclusive control over the evaluation, processing, and denial of claims,"…that gives rise to a "special relationship" is a necessary element of the duty of good faith and fair dealing, we decline to do so.")

[16] Tex. Ins. Code § 542.002 ("This subchapter applies to the following *insurers* whether organized as a proprietorship, partnership, stock or mutual corporation, or unincorporated association . . ."); Tex. Ins. Code § 542.003(a)-(b) ("(a) An *insurer* engaging in business in this state may not engage in an unfair claim settlement practice. (b) Any of the following acts by an *insurer* constitutes unfair claim settlement practices: . . .") (emphasis added); *Lopez*, 197 F. Supp. 3d at 951; *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013); *Mainali Corp.*, 2015 WL 5098047, at *6 ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer.").

In the improper joinder context, "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state *specific actionable conduct* against the non-diverse defendant."[17] Because Plaintiff has failed to plead any specific actionable conduct against Soto, Plaintiff has failed to state any claim for relief rendering removal proper on the basis that Soto was improperly joined.

**B.     Amount in Controversy**

18.     It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000, rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[18] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[19] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[20]

19.     Here, Plaintiff seeks "monetary relief over $100,000 but not more than $1,000,000."[21] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's First Amended Original Petition.

20.     Plaintiff further seeks compensation for actual damages, attorney's fees, and pre- and post-judgment interest. Plaintiff has also alleged that Amco's conduct was wrongful and done

---

[17]  *See Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-00491-XR, 2017 WL 3448190, at *3 (W.D. Tex. Aug. 10, 2017) (Rodriguez, J.) (emphasis in original) (citing *Stephenson v. Standard Ins. Co.*, No. SA:12-CV-01081-DAE, 2013 3146977, at *13 (W.D. Tex. Aug. 10, 2017) (Ezra, J.)); *see also King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-989, 2010 WL 2730890, at *3 (E.D. Tex. June 4, 2010).

[18]  28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[19]  *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[20]  *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[21]  Plaintiff's First Amended Original Petition, at ¶ 5.

knowingly, entitling him to a trebling of actual damages under the DTPA and Texas Insurance Code Chapter 541.[22]

21. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.[23] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

22. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

23. WHEREFORE, Defendant AMCO Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Ethan D. Carlyle
Texas Bar No. 24031794
ecarlyle@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT
AMCO INSURANCE COMPANY**

---

[22] Plaintiff's First Amended Original Petition, at ¶ 32.
[23] *See* Plaintiff's First Amended Original Petition.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via regular mail this the 17th day of April, 2020 to:

Carlos E. Solis
Paul A. Smith, Jr.
Solis & Smith, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
carlos@solisandsmithlaw.com
paul@solisandsmithlaw.com

Raul A. Rios
The Rios Law Firm
1923 Culebra Road
San Antonio, Texas 78201

**ATTORNEYS FOR PLAINTIFF**

                                            */s/ Patrick M. Kemp*
                                            Patrick M. Kemp